# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Halderman's Petition.

*Habeas corpus—Criminal law—Sentence—Error at trial to be corrected by appeal.*

1. A writ of habeas corpus for the release of a prisoner alleged to have been wrongfully sentenced and confined, cannot be used to fulfil the functions of an appeal, and to bring for review mere errors or irregularities which may have occurred at the trial.

2. The writ can be effectively invoked in the Supreme Court only when it appears the sentencing court was without jurisdiction, where the record shows no crime was committed or the passing of an illegal sentence, or where there is an improper detention of the relator after the expiration of his term of imprisonment by lapse of time or pardon.

3. Failure to endorse name of prosecutor and names of witnesses on the indictment, cannot be objected to on habeas corpus proceedings; nor can the relator object that the trial was in the quarter sessions rather than the oyer and terminer where the charge was breaking, entering and larceny; nor can he object that the evidence was insufficient; nor that the verdict was not read so that he could hear it.

*Habeas corpus—Sentence—Maximum sentence—Cumulative sentence—Error as to number of years—Correction by Supreme Court.*

4. Where the court imposes sentence on each of several counts, but does not direct that the punishment be cumulative, the sentence runs concurrently.

5. If, in such case, the sentence running concurrently is in excess of the maximum, but within the minimum as to the first count, the Supreme Court, in habeas corpus proceedings, will direct

that the sentence be reduced from the maximum imposed, to the number of years imposed for the first count.

Petition for habeas corpus, No. 138 Misc. Docket, No. 4.

PER CURIAM, January 3, 1923:

The relator was convicted in the Court of Quarter Sessions of Northumberland County of breaking and entering an office building with intent to commit a felony, and of larceny, having been charged with these offenses in separate counts of one indictment. He was duly sentenced to a maximum term of thirteen years in the eastern penitentiary, the minimum being fixed at six years and three months. No motion for a new trial or arrest of judgment was made, nor did defendant appeal. He now asks to be discharged, and the pending writ raises the question whether his imprisonment is lawful. Various errors alleged to have occurred during the course of the trial are averred as a basis for this request.

Though this court has jurisdiction to entertain a writ such as here presented, it is not to be used to fulfil the functions of an appeal, and to bring for review mere errors or irregularities which may have occurred in a trial court having jurisdiction of the person and the subject-matter. Except in unusual cases, where the proceeding has been adopted in furtherance of the prompt administration of justice (e. g. Com. v. Shortall, 206 Pa. 165), the writ of habeas corpus can be effectively invoked here by one convicted of crime only where it appears the sentencing court was without jurisdiction (Com. v. Ketner, 92 Pa. 372), where the record shows no crime was committed, or the passing of an illegal sentence (Halderman's Case, 53 Pa. Superior Ct. 554), or where there is an improper detention of the relator after the expiration of his term of imprisonment by lapse of time or pardon. The authorities so declaring have been recently reviewed by this court (Com. v. Reifsteck, 271 Pa. 441), and nothing can be profitably added to the discussion there found.

In the present case, the relator is in custody by virtue of a final judgment of a court of competent jurisdiction, and is now attempting to secure a review of errors alleged to have occurred during the course of his trial. All of the matters suggested are without merit, except the complaint as to the sentence, which will be subsequently noticed. Though it is not necessary to enter into discussion of the reasons for relief set out, yet they may be briefly disposed of. The failure to endorse the name of the prosecutor upon the bill of indictment should have been called to the attention of the court before plea entered, and evidence could then have been received, if necessary, to show that a private person was sponsor for the proceeding. It is too late to raise such objection subsequently: Com. v. Samson, 76 Pa. Superior Ct. 226; Com. v. Rovnianek, 12 Pa. Superior Ct. 86. And the same answer may be made to the failure to endorse the names of the witnesses upon the bill of indictment: Jillard v. Com., 26 Pa. 169.

Relator further insists the proceeding was a nullity in that the trial was held in the court of quarter sessions rather than the oyer and terminer. He overlooks the fact that the charge was not of burglary, as to which exclusive jurisdiction was given to the latter under the Criminal Procedure Act. It was based upon that of April 22, 1863, P. L. 531, as amended by the Act of March 13, 1901, P. L. 49, and the defendant was properly tried in the quarter sessions. Even if the contrary were true, it would not result in his discharge: Com. v. Reifsteck, 271 Pa. 441.

Again, it is said the evidence to convict was insufficient. If defendant felt himself aggrieved in this regard, his remedy was a motion for a new trial, and an appeal if his application was refused. A further error insisted upon rests on the failure to read the verdict when rendered so that it could be heard by the defendant. Presumably he was present,—he does not aver the contrary. In a non-capital case, such an objection as now

made is futile: Holmes v. Com., 25 Pa. 221; Lynch v. Com., 88 Pa. 189; Com. v. Craig, 19 Pa. Superior Ct. 81.

The petitioner further asks his discharge on the ground that the sentence passed was illegal. If the court was without warrant to impose any punishment, then the prayer could be properly granted; otherwise, it is merely voidable and may be corrected: Halderman's Case, 53 Pa. Superior Ct. 554. The fact that a clerical error occurred in entering the number of years of imprisonment is immaterial, in view of the subsequent permissible alteration made by the court: Com. v. Wright, 126 Pa. 464; Com. v. Morrison, 193 Pa. 613. As finally appearing, the sentence fixed the maximum term at thirteen years, the longest imprisonment which can be imposed for breaking and entering with intent to commit a felony, and for larceny. There is no question of the right to sentence on each count, and to direct that the second term shall begin upon the expiration of the first: Com. v. Birdsall, 69 Pa. 482; Russell v. Com., 7 S. & R. 489; Mills v. Com., 13 Pa. 631. The difficulty in the present case arises from the failure of the court to expressly direct that the punishment be cumulative. In the absence of such order, the sentences run concurrently, 16 C. J. 1307. This rule makes necessary the modification of the judgment entered, but does not result in a discharge of the relator. The term having expired, the court below could not alter its order by directing that the imprisonment be cumulative, since this would result in an increase of the time of incarceration (Com. v. Mayloy, 57 Pa. 291; Com. v. Keeper, 6 Pa. Superior Ct. 420); however, the minimum sentence imposed is well within the limit of ten years provided as a penalty upon conviction of the offense charged in the first count of the bill of indictment (Act March 13, 1901, P. L. 49), though the maximum is in excess. The judgment so entered is voidable only (Halderman's Case, supra), and can be corrected by either remanding the prisoner for resentence, or this court may direct the

necessary change, as was recently ordered in Com. v. Leib, 116 Miscellaneous Docket No. 4.*

And now January 3, 1923, all of the matters complained of appearing of record, it is adjudged that the sentence heretofore imposed upon petitioner by the Court of Quarter Sessions of Northumberland County, as of September Sessions, 1919, No. 8, be amended as of the date of its imposition, by changing the maximum term from thirteen to ten years, and that the rule to show cause be discharged at the cost of petitioner.

*Note: The order referred to was as follows:

And now, October 16, 1922, all the matters complained of appearing of record, and counsel for petitioner agreeing that petitioner need not be brought into court, it is adjudged that each of the sentences heretofore imposed upon petitioner by the Court of Quarter Sessions of the Peace of Philadelphia County, as of May Sessions, 1919, Nos. 663, 664, 665 and 666, be amended, as of the date of their imposition, by adding after the words "Eastern Penitentiary" in each sentence, the words "at separate and solitary confinement," and that the rule to show cause be discharged at the cost of petitioner.