Com. of Pa. ex rel. Miller *v.* Ashe.

*M. Levant Davis,* for petitioner.

*Mortimer E. Graham,* District Attorney, for respondent.

OPINION BY KELLER, J., September 8, 1934:
William F. Miller was indicted in the court of quarter sessions of Erie County for sodomy. The indictment contained two counts. He was convicted

generally and sentenced on May 15, 1915 to an indefinite term in the Western Penitentiary, with a maximum of twenty years and a minimum of fifteen years. See Act of June 19, 1911, P. L. 1055, sec. 6, then in force.

In this petition for writ of habeas corpus he contends that the sentence so imposed was illegal and void for two reasons: (1) That the two counts grew out of the same transaction and were committed at the same time, and constituted, in effect, one and the same offense, warranting the imposition of but one sentence: Com. ex rel. Holinko v. Ashe, 290 Pa. 534, 139 A. 197; (2) that the court did not sentence him on each count and direct that the sentence on the second count should begin upon the expiration of the first, but imposed in one sentence the cumulative maximum and minimum: Halderman's Petition, 276 Pa. 1, 119 A. 735. The Act of Assembly then in force was section 32 of the Criminal Code (March 31, 1860, P. L. 382), which fixed the maximum imprisonment at ten years, by separate and solitary confinement at labor.

The first contention of the relator is without merit. An examination of the indictment shows that each count charged a separate and distinct method of unnatural intercourse. Though committed on the same day they were separate and distinct crimes, each justifying a separate and distinct sentence: Com. v. Birdsall, 69 Pa. 482.

(2) The second contention must be sustained. While the court might have legally sentenced the prisoner to a maximum term of ten years and a minimum of seven and a half years on the first count, and a maximum of ten years and a minimum of seven and a half years on the second count, and directed that the sentence on the second count should begin at the expiration of the first, it did not do so. It lumped the

sentences into one, with a maximum of twenty years and a minimum of fifteen. This was illegal: Halderman's Petition, supra, p. 4. The sentence is not void but voidable: Halderman's Case, 53 Pa. Superior Ct. 554. If the court had sentenced the prisoner on each count, but had not directed the sentences to be cumulative, they would have run concurrently: Halderman's Petition, supra, p. 4; and after the term the court could not alter the sentence by directing that the imprisonment be cumulative: Id. p. 4. It follows that the maximum sentence that could now be imposed on the relator in the event of resentence would be ten years, and as that has expired, we are of opinion that we are not obliged to remand for resentence but may make the necessary change as authorized in Halderman's Petition, supra, and Com. v. Leib, Supreme Court, 116 Misc. Docket No. 4, (276 Pa. 5). The sentence will accordingly be amended as of the date of its imposition by changing the maximum term from twenty years to ten years and the minimum from fifteen years to seven and one-half years.

This would require the discharge of the relator, for he has already served the maximum term of ten years, were it not for the fact that at the time he committed the offenses charged in the indictment in this case, he was on parole from the Western Penitentiary for prior sentences amounting to 29 years, on conviction for several charges of rape, and when he was returned to the penitentiary there remained an unserved portion thereof of eighteen years, six months and eighteen days, which under section 10 of the Act of June 19, 1911, P. L. 1055, then in force, he was required to serve after the expiration of the term for which he was sentenced under the indictment for sodomy, in this case. The detainer and remand under the Act of June 19, 1911, supra, will take effect as of May 15, 1925, the date of the expiration of the maximum sentence of

ten years for sodomy, which had been completed when the petition for the writ of habeas corpus was filed.

The rule to show cause is, except as above stated, discharged.