Com. ex rel. Rogers *v.* Ashe, Warden.

Per Curiam, December 16, 1938:

Petition for writ of habeas corpus. The District Attorney of Clearfield County prepared four bills of indictment for presentation to the grand jury of that county. Three of them charged the relator, Mike Rogers, and one John Benish jointly with (1) assault and battery, aggravated assault and battery, and felonious assault and battery with intent to kill upon one Alfred R. Hunter on July 29, 1931, (2) assault and battery, aggravated assault and battery, and felonious assault and battery with intent to kill upon one Cora Hunter, on the same date, and (3) with feloniously breaking and entering a certain building of Alfred R.

Hunter and Cora Hunter in the nighttime of July 29, 1931, with intent to rob and steal the money and property of said Alfred R. Hunter and Cora Hunter. The fourth indictment charged the relator alone with wantonly pointing a pistol at the person of Alfred R. Hunter on that day. Before the bills were presented to the grand jury, the defendants, on August 3, 1931, pursuant to the Act of April 15, 1907, P. L. 62, came into court and pleaded guilty, and signed their names to pleas of guilty endorsed on said respective bills.

On the same day the court sentenced the relator, Mike Rogers, to imprisonment in the Western Penitentiary for an indeterminate period, the maximum to be twenty years and the minimum ten years. Only one sentence was entered covering all four indictments. A sentence which attempts to lump together two or more sentences is illegal and will be corrected on habeas corpus: *Halderman's Petition,* 276 Pa. 1, 119 A. 735; *Commonwealth ex rel. Hallett v. McKenty,* 80 Pa. Superior Ct. 249.

Where this is attempted to be done the legal sentence cannot exceed the sentence which may be legally imposed on the most serious indictment, in this case the charge of felonious breaking and entering.

The maximum penalty which could be imposed on that indictment, under the Act of March 13, 1901, P. L. 49, was ten years imprisonment in the penitentiary.

Ordinarily we would remand the prisoner who has received an illegal and excessive sentence to the court below for resentence according to law. But this relator has already served something over seven years, which is more than the minimum sentence which could legally be imposed on him, and he is now eligible for parole, unless his conduct in prison has been such as to cause the parole to be withheld. Following the course adopted in *Halderman's Petition,* 276 Pa. 1, 4, 5, 119 A. 735 and *Com. ex rel. Miller v. Ashe,* 114 Pa. Superior Ct. 332, 334, 174 A. 295, we shall correct the sentence of im-

prisonment by reducing it to the maximum allowable by law, to wit, imprisonment at labor in the Western State Penitentiary for a maximum period of ten years and a minimum period of five years, to be computed from August 3, 1931.

It is so ordered.