Commonwealth ex rel. Giuffrida, *v.* Ashe, Warden.

PER CURIAM, December 13, 1939:

This is a petition for writ of habeas corpus. The records sent up with the petition and answers show that the relator and one Joseph Maninna were tried and found guilty as indicted on two indictments, one (No. 11 June Sessions, 1929) charging arson, in five counts, and the other (No. 86 June Sessions, 1929) charging burning a building or buildings with intent to defraud insurers, in two counts. The cases were tried together.

After motions for a new trial had been refused, each of the defendants was sentenced to imprisonment in the Western State Penitentiary as follows: On No. 86, for a period of not less than six years or more than twelve years; on No. 11, for a period of not less than ten years or more than twenty years, to begin at the expiration of sentence entered to No. 86, June Term 1929. Relator was accordingly committed.

On May 1, 1935 the Governor commuted the minimum term of relator's imprisonment, on recommendation of the Board of Pardons, to five years and eight months, expiring June 7, 1935, and he was paroled on July 1, 1935. During the period of his parole he was found

guilty in the Court of Quarter Sessions of Cambria County, to No. 163 June Sessions, 1937, of larceny and receiving stolen goods, and on August 23, 1937, was sentenced to imprisonment in the Western State Penitentiary for a period of not less than one year nor more than three years, to begin at the date of his commitment to Cambria County jail on April 17, 1937 and run concurrently with his unexpired parole term.

The Act of April 25, 1929, P. L. 767, had not been passed when the alleged offenses were committed, hence the prosecutions were under section 137 of the Penal Code of 1860, P. L. 382, as to the indictment to No. 11 June Sessions 1929, and under section 139 as to the indictment No. 86 June Sessions 1929—both of which sections were expressly saved from repeal by the sixth section of the Act of 1929, supra, as to acts done or offenses committed, or attempted, prior to the time when the Act of 1929 took effect.

The maximum term of imprisonment prescribed for violation of section 139 of the Penal Code was seven years. To the extent that the maximum sentence of the court below (12 years) exceeded that period, it was illegal. While there were two counts in the indictment, a lumping sentence of twelve years could not be imposed: *Com. ex rel. Rogers v. Ashe,* 133 Pa. Superior Ct. 364, 365, 3 A. 2d 45; *Com. ex rel. Miller v. Ashe,* 114 Pa. Superior Ct. 332, 334, 174 A. 295; *Halderman's Petition,* 276 Pa. 1, 4, 119 A. 735. Relator's contention that he could not be convicted under that section because he was not the owner, tenant or occupant of either of the burned buildings is not tenable. The offense is a misdemeanor. The evidence in the record tended to show that defendant was present aiding and abetting in the burning of the buildings, one of which was owned by Sam Guido, who was convicted along with relator on another indictment charging them with conspiracy to burn the buildings, on which sentence was suspended. Relator, if present, aiding and assisting in the burning,

or if he was not present, but counseled, aided or abetted in the burning, by an owner, tenant or occupant of the building, could be proceeded against and punished as the principal offender: Section 180 of Act of March 31, 1860, P. L. 382. The testimony in the record supports a finding that relator for a monetary consideration agreed to and did burn the Guido dwelling house for the purpose of defrauding insurance companies.

Under the ruling of the Supreme Court in *Com. ex rel. Lynch v. Ashe,* 320 Pa. 341, 344, 182 A. 229, the lumping of the two sentences into a minimum of sixteen years and a maximum of thirty-two years and the commutation of the minimum of sixteen years to five years and eight months was without legal authority. Having served five years, eight months and twenty-three days on his first sentence before he was paroled, on commission of a crime while on parole he was obliged to serve the balance of his sentence, without commutation (*Com. ex rel. Meinzer v. Smith,* 118 Pa. Superior Ct. 250, 180 A. 179), which, reduced to the maximum legal sentence of seven years, (*Halderman's Petition,* 276 Pa. 1, 4, 5, 119 A. 735; *Com. ex rel. Miller v. Ashe,* 114 Pa. Superior Ct. 332, 334, 174 A. 295; *Com. ex rel. Rogers v. Ashe,* 133 Pa. Superior Ct. 364, 365, 366, 3 A. 2d 45) would expire in one year, three months and seven days after his return to the penitentiary on August 23, 1937, that is, on November 30, 1938, and then he would begin serving his sentence on the indictment to No. 11 June Sessions, 1929, (*Com. ex rel. Considine v. Ashe,* 134 Pa. Superior Ct. 29, 31, 4 A. 2d 229) with a maximum of twenty years, under which he is now legally confined in the penitentiary.

Relator's contention that under section 137 of the Penal Code he could not be sentenced to a maximum of more than twelve years is likewise untenable. Section 137 expressly provides that "in case of the malicious burning or setting fire to any dwelling house, or building that is parcel of such dwelling or belonging thereto,

there is any person in the same, the offender being convicted thereof, shall be sentenced to undergo an imprisonment, at separate or solitary confinement, not exceeding twenty years."

The indictment charged that the dwelling houses of Charles H. Stroup (2d count), Samuel Paul (3d count), Thomas Malcolm (4th count) and William S. Peterson (5th count) were maliciously and voluntarily burned and caused to be burned and set fire to when persons, named in the indictment, were in the same. If one dwelling or building is maliciously and voluntarily set on fire by a defendant and the fire spreads to other dwelling houses which are burnt, the defendant is guilty of arson as to all of them. The act of assembly expressly so provides.

And now, December 13, 1939, all of the matters complained of appearing of record, it is adjudged that the sentence heretofore imposed upon petitioner by the Court of Quarter Sessions of Cambria County, to No. 86 June Sessions 1929, be amended as of the date of its imposition by changing the maximum term from twelve years to seven years and the minimum term from six years to three and a half years, and that the rule to show cause be discharged and the petition for writ of habeas corpus be denied.