Kinsella, Appellant, *v.* Board of Trustees et al.

Submitted January 13, 1941. Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

*Wm. T. Kinsella,* in propria persona.

*H. J. Woodward,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellees.

OPINION BY MR. JUSTICE MAXEY, January 31, 1941:

This is an appeal from the dismissal by the court below of plaintiff's petition for a writ of alternative mandamus. The question presented by this record is whether or not the petitioner was entitled on September 30, 1939, to appear before the Board of Trustees of the Western Penitentiary and apply for his release on parole, under section 8 of the Act of June 19, 1911, P. L. 1055, 61 PS p. 485, Sec. 303, which section provides that "every prisoner confined [in a state penitentiary] upon an indeterminate sentence, whose minimum term of sentence will expire within three months, shall be given an opportunity to appear [before the Board of Inspectors of the penitentiary] and apply for his or her release on parole, as hereinafter provided." The relator being denied this opportunity asked for a mandamus.

Appellant was sentenced on April 14, 1926, by the Court of Quarter Sessions of Allegheny County on five indictments, as follows:

No. 75, April Sessions, 1926, to a term of not less than one year nor more than two years.

No. 76, April Sessions, 1926, to a term of not less than two years nor more than four years, sentence to begin at expiration of preceding sentence.

No. 77, April Sessions, 1926, to a term of not less than two years nor more than four years, sentence to begin at expiration of preceding sentence.

No. 80, April Sessions, 1926, to a term of not less than two years nor more than four years, sentence to begin at expiration of preceding sentence.

No. 81, April Sessions, 1926, to a term of not less than two years nor more than four years, sentence to begin at expiration of preceding sentence.

On October 9, 1931, the Governor commuted the minimum sentence of imprisonment "from nine years to five years five months, expiring on September 14, 1931." On December 14, 1931, appellant was released on parole, in accordance with section 9 of the Act of June 19, 1911, supra. On June 10, 1932, he was declared a parole delinquent by the supervisor of paroles. On September 25, 1933, he pleaded guilty to stealing letters from house letter boxes, and was convicted in the Federal court at Cleveland, Ohio, and was sentenced to serve five years in the United States Northeastern Penitentiary at Lewisburg, Pa. After serving sentence, he was returned to the Western State Penitentiary on June 1, 1937, as a parole violator, and so adjudged by the Board of Trustees on June 8, 1937. He was recommitted on June 16, 1937, by the mandate of the Governor for breach of parole, "for further imprisonment . . . for the remainder of the period equal to the unexpired maximum term [12 years and four months], as originally sentenced according to law."

Appellant complains that the Board of Trustees of Western State Penitentiary, the Board of Pardons and the Governor on November 18, 1931, erroneously lumped the five sentences into "a single sentence of 9 to 18 years." He says further: "Your petitioner learning, after return to the penitentiary that the original parole

was erroneous, . . . knowing that he had four months left to the second sentence, when he was released on parole, and consequently, the same four months when he was returned for parole violation, takes the position that, at the end of four months after return to Western State Penitentiary, he had completed the second sentence and should be treated as having ahead of him three sentences of two to four years each (not a 'lumped' parole period of 12 years) and consequently, felt that he had right to ask parole on the third sentence, in course, at the expiration of two years in keeping with the ruling in *Com. ex rel. Lynch v. Ashe, Warden,* 320 Pa. 341, 182 A. 229, and *Com. ex rel. Giuffrida v. Ashe,* 137 Pa. Superior Ct. 528, 10 A. 2d 112, and that he would have similar right as to the fourth and fifth sentences."

The confusion in this case arises from the fact that the Governor in 1931, acting upon the recommendation of the prison authorities, lumped all of the five sentences imposed upon the appellant into one sentence, that one sentence being a minimum of five years and five months and a maximum of eighteen years instead of the five sentences, with total minimums of nine years, imposed by the trial court in 1926. This lumping of five separate sentences was without authority of law, as we decided in *Com. ex rel. Lynch v. Ashe,* 320 Pa. 341, 182 A. 229. In that case we said: "Even a court has no power to lump two sentences into one . . . and the act of the prison authorities in attempting to lump two sentences into one is without statutory or other legal support." (The Act of June 25, 1937, P. L. 2093, lumping two or more sentences to run consecutively and imposed upon any person convicted of crimes, does not affect the case now before us as the appellant was sentenced 11 years before the passage of the Act.) It follows that when the Governor reduced the "minimum sentence" of the prisoner from nine years to five years and five months, his order applied to a sentence that was legally non-

existent. Such a sentence had its origin and existence only in prison bookkeeping, as we pointed out in *Com. v. Ashe* (supra).

Since the lumping of sentences was without legal warrant, this case must be treated as though such extra-legal lumping had never taken place, and the parole secured by the prisoner on December 14, 1931, was in legal effect a release from the sentence he was then serving, which was his second sentence (No. 76, April Sessions, 1926). Having later violated his parole, he was, under section 10 of the Act of June 19, 1911, supra, as amended by section 1 of the Act of June 3, 1915, P. L. 788 (61 PS p. 487, Sec. 305), properly compelled "to serve in the penitentiary to which he had been originally committed the remainder of the term (without commutation) which such convict would have been compelled to serve but for the commutation authorizing said parole." In *Com. ex rel. Giuffrida v. Ashe*, 137 Pa. Superior Ct. 528, 10 A. 2d 112, it was held that where a prisoner is paroled before he has served the maximum of the first sentence and commits a crime while thus on parole, he is obliged to serve the balance of the maximum of such sentence, without commutation, and then commence serving the second sentence after he has served the balance of his first sentence.

It is conceded in the appellees' brief that since the decision in *Com. ex rel. Lynch v. Ashe* (supra) "it has been considered that all sentences [imposed before the "lumping" Act of June 25, 1937, supra] are held separate, and the inmate should be given a right to apply for his parole at the expiration of each minimum."

When this prisoner was released on December 14, 1931, he had served both the maximum of his first sentence and all but four months of the maximum of his second sentence and this latter sentence he began serving on his return to the penitentiary on June 1, 1937, as a parole violator. On October 1, 1937, he began serving his third sentence of two years minimum and

four years maximum. On September 30, 1939, when he applied for a parole he had on that day completed serving the minimum of his third sentence (No. 77, April Sessions, 1926), and he was therefore entitled, under section 8 of the Act of June 19, 1911, P. L. 1055, to "an opportunity to appear before such board [i. e., the Board of Inspectors] and apply for his release on parole" from the sentence he was then serving. (If he had obtained such a parole, he would upon its effective date have begun serving his fourth sentence, No. 80, April Sessions, 1926.)

We cannot agree with the appellees that the appellant "having accepted the benefit [of the lumping of the sentences] should not now be heard to complain," if by "complain" is meant that the prisoner cannot avail himself of his statutory rights. The legally unauthorized lumping of the five sentences affected no one's rights.

The court below in its opinion declared that "when petitioner violated his parole he was returned to the penitentiary for the remainder of the original term of the original sentences, which we hold to be the unexpired maximums in each sentence *(Com. ex rel. Giuffrida v. Ashe,* supra)." If by that statement it is meant that the prisoner must serve the unexpired maximums of all his remaining sentences without the right to apply for a parole at the expiration of any one of the minimums of those sentences, that judgment must be overruled. The case of *Com. ex rel. Giuffrida v. Ashe* (supra) does not support the ruling the court below made. We have already set forth above what that case does decide.

The court below also stated that "when the Board of Trustees refused permission to petitioner to apply for a parole on September 30, 1939, they no doubt had in mind . . . the improbability" of the parole being granted. The Board has the undoubted right to deny for valid reasons a prisoner's application for a parole but the Board cannot deny him "an opportunity to ap-

pear before such Board and apply for his parole," for this right is given him by the Act of June 19, 1911, P. L. 1055, section 8 (61 PS 303), if he, when he made his application, was serving a sentence whose minimum term was expiring at that time or within three months of that time. As already pointed out by us, the minimum term of the prisoner's third sentence expired on the very day his application was made.

The decision in *Com. ex rel. Meinzer v. Smith,* 118 Pa. Superior Ct. 250, 180 A. 179, does not support the position taken by the appellees here. That case decided only this: that when a parole violating convict is returned to the penitentiary, he is to be imprisoned for the remainder of the maximum sentence not served when the parole was granted, *without allowance of credit for the time he was out on parole and not delinquent.* The convict in that case was confined to the penitentiary on only one sentence. No question arising from multiplicity of sentences was involved.

The judgment of the court below is reversed and the record is remanded for further proceedings in accordance with this opinion.