Opinion by
 

 Rhodes, J.,
 

 This is a habeas corpus proceeding. A rule to show cause why writ of habeas corpus should not issue was granted upon presentation of petition. Answers were thereupon filed.
 

 On November 13, 1930, the relator, after having pleaded guilty, was sentenced by the Court of Quarter Sessions of Bedford County upon five separate bills of indictment (Nos. 3, 4, 5, 6, and 7, November Sessions, 1930), each charging him with separate .acts of felonious entry and larceny. Each sentence was for a minimum term of one year and a maximum term of two years. Sentence on bill No. 3 presumably began the day it was imposed. 15 Am. Jur., Criminal Law, §449. See Act of May 28,1937, P. L. 1036, §1,19 PS §894;
 
 Com. ex rel.
 
 
 *367
 

 Campbell v. Ashe,
 
 141 Pa. Superior Ct. 408, 410, 15 A. 2d 409. Sentence on bill No. 4 began the same day, and operated concurrently with the sentence on bill No. 3 since it was not directed, according to the docket entries, to be consecutive to any other sentence.
 
 Halderman’s Petition,
 
 276 Pa. 1, 4, 119 A. 735;
 
 Com. v. Harrison,
 
 142 Pa. Superior Ct. 453, 456, 16 A. 2d 665;
 
 Com. ex rel. Miller v. Ashe,
 
 114 Pa. Superior Ct. 332, 334, 174 A. 295. Sentences on bills Nos. 5, 6, and 7 were directed to be served consecutively to sentences on bills Nos. 4 and 3, and to each other.
 

 Relator was committed to the Western State Penitentiary pursuant to said sentences. However, the sentences were erroneously lumped and entered on the records there as one sentence of not less than five years nor more than ten years.
 
 [1]
 

 Com. ex rel. Lynch v. Ashe,
 
 320 Pa. 341, 182 A. 229;
 
 Com. ex rel. Considine v. Ashe,
 
 134 Pa. Superior Ct. 29, 30, 4 A. 2d 229.
 

 On November 13, 1935, relator was released on parole after serving five years’ incarceration; he was to remain on “parole” until November 13, 1940, when the maximum sentences as lumped would end.
 

 On August 7, 1937, he pleaded guilty to bill of indictment No. 27, August Sessions, 1937, before the Court of Quarter Sessions of Clarion County, charging him with an
 
 attempt
 
 to break and enter a certain building. For this offense he was sentenced on the same day by that court to serve not less than five years nor more than ten years in the Western State Penitentiary, where he had previously been confined. He was returned to the penitentiary, and on September 7, 1937, he was informed by the Board of Trustees of that institution that in accordance with section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305, he, as a parole violator, would first be required to serve the unexpired portion of his sentence pronounced by the Court
 
 *368
 
 of Quarter Sessions of Bedford County before commencing to serve the sentence imposed in Clarion County.
 

 Relator alleges that the permissible maximum sentence on bill No. 27, August Sessions, 1937, Clarion County, was seven years, and that the sentence on bill No. 7, November Sessions, 1930, Bedford County, began to run concurrently with that sentence. He further submits that the maximum sentence on bill No. 7 (Bed-ford County) expired in .1939, that the correct minimum sentence of three and one-half years on bill No. 27 (Clarion County) expired on February 7, 1941, and that he should be deemed eligible therefore to apply for parole. With these contentions we agree.
 

 No one questions that the lumping of the Bedford County sentences was improper and illegal, as this was long before the Act of June 25,1937, P. L. 2093, No. 420, 19 PS §897.
 

 In
 
 Kinsella v. Board of Trustees et al.,
 
 340 Pa. 497, at page 501, 17 A. 2d 882, at page 884, in an opinion by Mr. Justice Maxey, our Supreme Court said: “Since the lumping of .sentences was without legal warrant, this case must be treated as though such extra-legal lumping had never taken place, and the parole secured by the prisoner on December 14, 1931, was in legal effect a release from the sentence he was then serving, which was his second
 
 sentence......n
 

 Relator made no application for constructive parole at the expiration of any minimum sentence, but when paroled on November 13, 1935, after serving five years, he had actually served the maximum of the two concurrent sentences on bills Nos. 3 and 4, November Sessions, 1930, Bedford County, the maximum of the consecutive sentence on bill No. 5, Bedford County, and the minimum, one year, on bill No. 6, Bedford County.
 
 Com. ex rel. Lynch v. Ashe,
 
 supra, p. 345. It is in this respect that the calculations as to the amount of time remaining unserved differ. This difference arises from the fact
 
 *369
 
 that the commitment on hill No. 4, November Sessions, 1930, Bedford County, states that the sentence thereon was to be served consecutively to sentence on bill No. 3, November Sessions, 1930, Bedford County. The docket entries of the Court of Quarter Sessions of Bed-ford County as to bill No. 4, November Sessions, 1930, Bedford County, contain no such direction. The docket entries must be accepted here as stating the true facts. The sentence imposed could not be affected, by the contents of the commitment.
 

 Relator’s parole on November 13, 1935, was no more than a release from the sentence on bill No. 6, November Sessions, 1930, Bedford County, which he was then serving. While thus paroled, this maximum sentence expired on November 13, 1936. See Act of June 19, 1911, P. L. 1055, §9, 61 PS §304. Thereafter he was not legally on parole; at the time of parole he had served no part of his sentence on bill No. 7, November Sessions, 1930, Bedford County. See Act of June 19, 1911, P. L. 1055, §8, 61 PS §303. But when relator Avas returned to the penitentiary, after being illegally at large, the sentence on bill No. 7, November Sessions, 1930, Bed-ford County, began to run.
 

 It is clear that relator was improperly sentenced for five to ten years for “attempt to break and enter” by the Court of Quarter Sessions of Clarion County, at No. 27, August Sessions, 1937. Our Penal Code of 1860, Act of March 31, 1860, P. L. 382, 18 PS §1 et seq., did not prescribe any specific punishment for such an attempt. In
 
 Com. ex rel. Swisher v.
 
 Ashe, 145 Pa. Superior Ct. 454, at page 458, 21 A. 2d 479, at page 481, we said: “There are indications in our Penal Code of 1860 of a legislative intent to punish attempts v/ith less severity than is prescribed for the completed offense.” Section 178 of that Act, 18 PS §3741, provided: “Every felony, misdemeanor or offense Avhatever, not especially provided for by this act, may and shall be punished as heretofore.” Section 183, 18 PS §3712,
 
 *370
 
 also provided for a strict pursuance of acts of assembly, and prohibited penalties according to the common law where an act applicable existed. The Act of April 5, 1790, 2 Smith Laws 531, as amended by the Act of April 4, 1807, 4 Smith Laws 393, provides for an offense such as here a sentence not exceeding seven years.
 
 [2]
 

 Hackett v.
 
 Com., 15 Pa. 95, 99, 100. It follows that relator’s sentence imposed by the Court of Quarter Sessions of Clarion County could not exceed three and one-half to seven years. Act of June 19, 1911, P. L. 1055, §6, as amended by the Act of June 29, 1923, P. L. 975, No. 397, §1, 19 PS §1057. The sentence was illegal, and will be corrected accordingly.
 

 As relator, at the time of his plea and sentence by the Court of Quarter Sessions of Clarion County at No. 27, August Sessions, 1937, was neither in prison nor legally on parole, and as that court did not order its sentence to begin at the expiration of the sentence on bill No. 7, November Sessions, 1930, Bedford County, the sentence which it imposed began to run from the date of imposition. 2 Sadler, 2d Ed., §353, p. 767; 15 Am. Jur., Criminal Law, §449. See, also, Act of May 28, 1937, P. L. 1036, §1, 19 PS §894. As relator, at the time of the commission of the offense for which this sentence was imposed, was not on parole from any previous sentence, we are obliged to conclude that he was not then a parole violator, and that section 10 of the Act of 1911, as amended, 61 PS §305, was not applicable. Accordingly, Avhen relator was returned to the penitentiary the sentence on bill No. 7, November Sessions, 1930, Bedford County, and the sentence on bill No. 27, August Sessions, 1937, Clarion County, ran concurrently. The maximum sentence on bill No. 7, Bedford County, has therefore been served, and the correct minimum sentence on bill No. 27, Clarion County, expired on February 7, 1941. Eelator shall therefore have an
 
 *371
 
 opportunity to appear before the Board -of Trustees of Western State Penitentiary, and apply for his release on parole. Act of June 19, 1911, P. L. 1055, §8, 61 PS §303.
 

 And now, November 17, 1941, all the matters complained of appearing of record, it is adjudged that the sentence heretofore imposed upon relator by the Court of Quarter Sessions of Clarion County, at No. 27, August Sessions, 1937, be amended as of the date of its imposition by changing the maximum term from ten years to seven years and the minimum term from five years to three and one-half years, that relator is entitled to appear before the Board of Trustees of Western State Penitentiary to apply for his parole, and that the rule to show cause be discharged and the petition for writ of habeas corpus be denied.
 

 [1]
 

 See Act of June 25, 1937, P. L. 2093, No. 420, §1, 19 PS §897.
 

 [2]
 

 See 2 Sadler, 2d Ed., §§627, 668, pp. 731, 789.