## Commutation of Sentences

UMSTED, Special Deputy Attorney General, August 9, 1943.—This department is in receipt of a communication from the Board of Pardons requesting our opinion on the following question:

When an applicant for commutation is serving consecutive sentences and the Board of Pardons has determined upon favorable consideration, may it lump the sentences for commutation or must each individual sentence be commuted?

To answer your query requires but an amplification of President Judge Keller's opinion in Commonwealth ex rel. Lycett v. Ashe, Warden, 145 Pa. Superior Ct. 26 (1941), which construes the Act of June 25, 1937, P. L. 2093, 19 PS §897, section 1 of which reads as follows:

"That whenever, after the effective date of this act, two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences."

In the Lycett Case, supra, this act was held not to be retroactive. It was also held to be limited in its application to consecutive sentences imposed at the same

time by the same court. We quote from page 31, Commonwealth ex rel. Lycett v. Ashe, supra:

". . . as we read the act it applies only to two or more consecutive sentences imposed at the same time by one court. The Act reads 'imposed by any court', not, 'by any courts'. It matters not whether it is acting as a court of quarter sessions or of oyer and terminer, it applies to any court which imposes 'two or more sentences to run consecutively . . . upon any person convicted of crime therein'. A subsequent single sentence imposed by another court for prison escape, or for crime committed while the convict is on parole, does not fall within its terms, viz, 'whenever, after the effective date of this act, *two or more* sentences to run consecutively are imposed by *any court* of this Commonwealth upon any person convicted of crime therein', that is, convicted in the court that imposed the consecutive sentences."

Prior to the Act of 1937 it was well established that consecutive sentences of imprisonment could not be lumped for parole: Commonwealth ex rel. Lynch v. Ashe, 320 Pa. 341 (1936). And the only right to lump sentences is that given by the Act of 1937. Consequently, from and including June 26, 1937 (the date upon which section 1 of the Act of 1937 became operative in accordance with the ruling of this department in Informal Opinion No. 1200), two or more consecutive sentences imposed at the same time by one court must be treated as a single sentence for the purposes of parole. But unless both of the foregoing elements are present consecutive sentences may not be so lumped.

Commutation by the Board of Pardons, insofar as it has to do with the treatment of consecutive sentences, is analogous to parole in the same circumstances (see In re Parole (No. 2), 48 D. & C. 31). Obviously the law enunciated by the appellate courts pertaining to the right of parole is equally applicable to the right to commute. If the Board of Parole must treat consecutive

sentences as separate and distinct sentences in certain cases, then so must the Board of Pardons when it is commuting those sentences.

We must distinguish here a commutation of sentence under the authority of the Act of April 9, 1929, P. L. 177, 71 PS §299, and article IV, sec. 9 of the Constitution of 1874, from a commutation of sentence under the Act of May 11, 1901, P. L. 166, 61 PS §271 et seq., generally known as the Good Time Law.

A commutation under the Constitution and the Act of 1929, vesting authority in the Pardon Board to commute sentences, has no limitations. And it is only with the class of cases falling under this constitutional and statutory authority that this opinion is concerned.

On the other hand, a commutation under the Good Time Law of 1901 is limited by that act to a specified number of months off for each year of service for good behavior. Under this law it is specifically provided that for the purpose of estimating the amount of commutation several terms of imprisonment shall be lumped.

We are of the opinion, therefore, and you are accordingly advised that where a prisoner was sentenced after June 25, 1937, by one court at the same time to two or more consecutive sentences for purposes of commutation under article IV, sec. 9, of the Constitution of Pennsylvania, and the Act of April 9, 1929, P. L. 177, 71 PS §299, those sentences must be treated by the Board of Pardons as one sentence, the minimum of which will be the total of all the minimum sentences and the maximum of which will be the total of all the maximum limits of such sentences. Unless, however, each one of these elements, that is, the date of the sentences and the imposition of the sentences by one court at the same time, is present, then, in acting upon the application for commutation as aforesaid by a prisoner undergoing two or more sentences, imposed to run consecutively, the Board of Pardons must consider the term of each sentence separately.