## PIERCE v. SMITH.

No. 12201.

United States Court of Appeals Ninth Circuit.

June 2, 1949.

Rehearing Denied July 11, 1949.

Bruce Pierce, in pro. per.

194

Smith Troy, Atty. Gen., State of Washington, and C. John Newlands, Asst. Atty. Gen., for appellee.

Before HEALY, BONE, and POPE, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from an order dismissing a habeas corpus petition after a hearing thereon had been had.

■ Appellant is confined in the Washington penitentiary at Walla Walla. The history of his case is elaborately set out in Pierce v. Smith, Wash., 195 P.2d 112, certiorari denied 335 U.S. 834, 69 S.Ct. 24, in which proceeding he unsuccessfully sought release on the same grounds as here. He makes no attack upon the validity of the judgment or sentence imposed upon him by the state court, but contends that his confinement in the penitentiary is unauthorized by his commitment, which was to a reformatory. He claims, further, that he has fully served his maximum term of imprisonment which, he contends, was subsequently fixed at three years by the state board of prison terms and paroles. Both of these contentions were rejected by the Washington court in Pierce v. Smith, supra, where the controlling state statutes were given an interpretation at variance with that placed upon them by the petitioner. We are of course bound to accept that court's construction as declaratory of the law of the state.

■ A third point urged by the petitioner is that in 1945 he was improperly brought back to Washington from the state of Oregon following the revocation of a parole that had been granted him. However, the only inquiry open here is the validity of the petitioner's present confinement pursuant to the judgment entered in his case. The manner of obtaining jurisdiction of his person is not now subject to review. Cf. Mahon v. Justice, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283; 22 American Jurisprudence, Extradition, § 65. Even if it were, we think petitioner's point was correctly disposed of by the Washington Court in Pierce v. Smith, supra.

Affirmed.