Opinion by
 

 Rhodes, P. J.,
 

 This is a petition for writ of habeas corpus in which relator avers (1) that one of the sentences imposed upon him was unlawful in that it exceeded the maximum prescribed by law, and (2) that he is eligible to apply for parole. Rule was granted and answers were filed by the District Attorney of Philadelphia County and the Warden of the Eastern State Penitentiary. Written briefs were presented and the matter was orally argued. We may consider the petition and dispose of the issues.
 
 Com. ex rel. Madden v. Ashe,
 
 162 Pa. Superior Ct. 39, 41, 56 A. 2d 335;
 
 Com. ex rel. Hill v. Burke,
 
 165 Pa. Superior Ct. 583, 69 A. 2d 169, 170.
 

 Relator, after trial and conviction in the Court of Oyer and Terminer of Philadelphia County, was sentenced on December 13, 1929, upon two bills of indictment—on No. 698, December Term, 1929, charging attempted burglary, to serve a term of not less than five years nor more than ten years in the Eastern State Penitentiary; and on No. 701, December Term, 1929, charging entering with intent to steal, to serve a term of not less than five years nor more than ten years in the Eastern State Penitentiary, and commencing at the expiration of sentence on bill No. 698.
 

 The sentences were improperly lumped by the prison authorities.
 
 Com. ex rel. Lynch v. Ashe,
 
 320 Pa. 341, 182 A. 229;
 
 Kinsella v. Board of Trustees,
 
 340 Pa. 497, 500, 17 A. 2d 882. The Governor, by his charter of commutation, on June 3, 1935, commuted the combined
 
 *196
 
 mínimums of ten years (five and five) to five years and six months, expiring June 13, 1935.
 

 Relator was released on parole on July 16,1935, having served five years, sevén months, and three days in the penitentiary, thus leaving an unexpired balance of four years, four months, and twenty-eight days of the uncorrected sentence on bill No. 698, and the entire balance of ten years on bill No. 701. While on parole relator committed three new offenses. He pleaded guilty to two of them in the Court of Oyer and Terminer and the Court of Quarter Sessions of Philadelphia County as follows: Bill No. 156, March Term, 1939, charging armed robbery, and bill No. 157, March Term, 1939, charging conspiracy to commit robbery. On March 13, 1939, relator was sentenced on bill No. 156 to serve a term of not less than ten years nor more than twenty years in the Eastern State Penitentiary, the same to begin at the expiration of unexpired parole on bills Nos. 698 and 701; but on March 31, 1939, the court reconsidered the sentence and directed that it should run concurrently with parole violation on bills Nos. 698 and 701. Bill No. 157 was endorsed with a notation that sentence thereon was imposed under bill No. 156.
 

 Relator was returned to the penitentiary on March 13, 1939. Later he was taken to the Court of Oyer and Terminer of Delaware County where he pleaded guilty to bill of indictment No. 460, March Term, 1939, charging robbery and assault, upon which he was sentenced to a term of not less than four years nor more than eight years in the Eastern State Penitentiary, the same to run concurrently with the sentence he was then serving.
 

 The District Attorney of Philadelphia County, in his answer to the rule issued on relator’s petition, concedes that the maximum term to which relator could be sentenced legally for tlie crime of attempted burglary on bill No. 698, December Term, 1929, could not exceed
 
 *197
 
 three and one-half
 
 to seven years.
 
 The sentence
 
 not being
 
 in conformity with the law will be corrected.
 
 Com. ex rel. Cox v. Ashe,
 
 146 Pa. Superior Ct. 365, 369, 370, 22 A. 2d 606.
 

 We have said that where a convict is legally sentenced for a crime committed during his parole to the penitentiary from which he has been released on parole the unexpired portion of his original sentence is to be served before he commences to serve the sentence imposed for the crime committed while on parole.
 
 Com. ex rel. Lerner v. Smith,
 
 151 Pa. Superior Ct. 265, 267, 268, 30 A. 2d 347;
 
 Com. ex rel. Kent v. Smith,
 
 323 Pa. 89, 186 A. 812;
 
 Kinsella v. Board of Trustees,
 
 supra, 340 Pa. 497, 501, 17 A. 2d 882;
 
 [1]
 

 Com. ex rel v. Burke,
 
 67 Pa. D. & C. 207, 209; section 10 of the Act of June 19, 1911, P. L. 1055, as amended by the Act of June 22, 1931, P. L. 862, §1, 61 PS §305. Consequently the sentences on bills Nos. 156 and 460, in so far as they direct that they shall be served concurrently witli the unexpired balance of the original sentence on bill No. 698, are contrary to the Act which requires relator to serve the remainder of his original term or sentence (the sentence he was serving at the time of his parole) before commencing to serve the sentence imposed for crimes committed while on parole.
 
 Toliver v. State Board of Parole,
 
 157 Pa. Superior Ct. 218, 220, 42 A. 2d 285. However, it was permissible for the court to direct that sentences on bills Nos. 156 and 460 should be served concurrently with the sentence on bill No. 701. Any
 
 *198
 
 such new sentence to the same penitentiary imposed for a crime committed while on parole must follow the remainder of the original sentence, which was being served at the time of parole, but the sentence may be concurrent with other sentences to be served by the parole violator, or it may be directed that it be served consecutively to the other outstanding sentences, in the discretion of the court. See
 
 Com. ex rel. McGinnis v. Ashe,
 
 330 Pa. 289, 291, 199 A. 185. Cf.
 
 Com. ex rel. Mill v. Burke,
 
 supra, 165 Pa. Superior Ct. 583, 69 A. 2d 169, 171.
 

 When relator was returned to the penitentiary on March 13, 1939, from which he had been released on parole, he began serving the remainder of the term or sentence originally imposed on bill No. 698; the time to be calculated from February 23, 1939.
 
 Kinsella v. Board of Trustees,
 
 supra, 340 Pa. 497, 501, 17 A. 2d 882. The maximum of this sentence corrected from ten years to seven years was completed on July 20, 1940, at which time relator began serving his sentence on bill No. 701 having a minimum of five years and a maximum of ten years. His sentence on bill No. 156 having a minimum of ten years and a maximum of twenty years, would be effective from July 20, 1940, and run concurrently with the sentence on bill No. 701. The sentence on bill No. 460 having a minimum of four years and a maximum of eight years would also run concurrently with sentences on bills Nos. 701 and 156. On July 20, 1950, relator will have completed the minimum on sentence No. 156, at which time he may have an opportunity to apply for his parole.
 

 The sentence on bill No. 698, December Term, 1929, in the Court of Oyer and Terminer of Philadelphia County is hereby corrected to provide for a term of imprisonment for not less than three and one-half years
 
 *199
 
 nor more than seven years in the Eastern State Penitentiary. Respondent may treat the commitments under which he holds relator as though they had been amended accordingly.
 

 In other respects the rule is discharged, and the petition is dismissed.
 

 [1]
 

 In the
 
 Kinsella
 
 case it was held that, where five successive sentences were erroneously lumped together, minimum sentence commuted by the Governor, and prisoner paroled before expiration of maximum term under second sentence, upon recommitment for violation of parole, the prisoner would be required to serve the balance of the second sentence without commutation before beginning to serve the succeeding sentences.