## UNITED STATES ex rel. MacBLAIN v. BURKE.

No. 10803.

United States Court of Appeals
Third Circuit.

Submitted Nov. 17, 1952.

Decided Dec. 16, 1952.

David MacBlain, pro se.

Robert E. Woodside, Atty. Gen. of Pa., for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

STALEY, Circuit Judge.

Acting as his own lawyer, petitioner appeals from a denial of his petition for a writ of habeas corpus, seeking release from Pennsylvania confinement.

Petitioner was sentenced in 1926 by the Court of Oyer and Terminer of Montgomery County, Pennsylvania, to two consecutive terms of imprisonment, one for seven and one-half to fifteen years and the other for five to ten years. In 1936, the minimum portion of his first sentence was commuted to one day,[1] and he was released on parole about one month later.

In 1937, he was returned as a technical parole violator and was held until 1938, when he was again paroled. In 1940, he was convicted of a crime in New Jersey and was confined there until paroled in 1946. Immediately upon his New Jersey parole, he was taken into custody by Pennsylvania authorities to serve the unexpired part of his sentences, his New Jersey conviction being a violation of the Pennsylvania parole.[2]

Petitioner contends that he has been denied due process because in 1933, at the expiration of the minimum term of his first sentence, he was denied an opportunity to apply for parole, as required by Pennsylvania law.[3] This came about, he claims, because of his ignorance of his parole rights and because the prison authorities illegally added his two sentences together and entered them as one sentence of twelve and one-half to twenty-five years. Since

1. The record, such as it is, is contradictory as to the proper sequence of the two sentences. The petition alleges that the seven and one-half to fifteen year sentence was first and the five to ten year sentence second. Photostatic copies of the face of the True Bills, attached to the answer filed by respondent, state specifically that the five to ten year sentence is to be computed from the expiration of the seven and one-half to fifteen year sentence. The district court believed that to be the case. Opposed to this is an alleged copy of the commutation charter which recites that in 1936 the Governor commuted the minimum of the seven and one-half to fifteen year sentence to one day. If that sentence was the first of the two, then its minimum expired in 1933, or seven and one-half years from 1926. This would mean that the 1936 commutation was an empty gesture, since it would be a commutation of a sentence which had already expired. The only way to read meaning into the 1936 commutation is to adopt the view that the five to ten year sentence was first and the seven and one-half to fifteen year sentence second. Under this view, the ten year maximum expired in 1936, and the commutation operated on the seven and one-half year minimum which followed.

Whichever position is correct, the commutation did not attempt to disturb the maximum sentence. Thus, we need not resolve the ambiguity since, because of petitioner's parole violation in 1940, the maximum has not expired under either

200 F.2d—39½

alternative and, consequently, if there was a mistake, it cannot affect the outcome of this appeal. The heart of petitioner's argument for release, however, is built upon the assumption that the seven and one-half to fifteen year sentence was the first. Therefore, we shall accept that basis in dealing with his contentions.

It may be noted that there was no appearance for the respondent on this appeal.

2. Petitioner has satisfied the "exhaustion of state remedies" requirements of 28 U. S.C. § 2254. Three petitions, substantially similar to the present one, were denied by the Supreme Court of Pennsylvania (the decisions were not reported), and the Supreme Court of the United States denied a petition for certiorari. MacBlain v. Burke, 1951, 342 U.S. 835, 72 S.Ct. 59.

3. Act of June 19, 1911, P.L. 1055, § 8, 61 Purdon's Pa.Stat.Ann. § 303 (1930):
"§ 303. Applications for parole; meetings of board
"The Board of Inspectors of each State penitentiary shall meet once each month at its respective penitentiary. At each meeting of the said boards, held as aforesaid, every prisoner confined in such penitentiary upon an indeterminate sentence, whose minimum term of sentence will expire within three months, shall be given an opportunity to appear before such board, and apply for his or her release on parole, as hereinafter provided."

he was given no opportunity to apply for parole, he argues that he should be considered as having been granted an automatic parole, in 1933, of the maximum part of his first sentence. This, the argument runs, would give him a dual status: on constructive parole on the maximum part of his first sentence and serving the minimum part of his second. Thus, his total maximum would be seventeen and one-half years rather than twenty-five years. Hence, he has fully served his total maximum and is entitled to release.

■ The difficulty is that he was not paroled in 1933; he was merely eligible to be considered for parole. Therefore, we cannot be guided by whatever consequences might have ensued had he been paroled. Not having been paroled, he could not begin serving the minimum part of his second sentence until he had served the maximum of his first sentence. Commonwealth ex rel. Lewis v. Ashe, 335 Pa. 575, 7 A.2d 296, certiorari denied, 1939, 308 U.S. 596, 60 S. Ct. 132, 84 L.Ed. 499; Commonwealth ex rel. Lynch v. Ashe, 1936, 320 Pa. 341, 182 A. 229.

■ In substance, petitioner claims that in 1933 he lost the right to apply for parole of the maximum part of his first sentence. But he had the right to make such application every month following that time,[4] and if the prison authorities denied him the right to apply for parole in 1933 or at any time thereafter, he had a complete procedural remedy to enforce that right. Mandamus was available to petitioner to compel compliance with the statute granting the right to appear and apply for parole. Kinsella v. Board of Trustees, 1941, 340 Pa. 497, 17 A.2d 882. The state having made available procedure specifically designed to protect that right, whatever error there may have been is not now open to attack in habeas corpus proceedings in federal court. Dunn v. Lyons, 5 Cir., 1928, 23 F.2d 14. See United States ex rel. Smith v. Baldi, 3 Cir., 1951, 192 F.2d 540.

■ Furthermore, petitioner has not been hurt by his treatment in 1933. He was in fact paroled in 1936, and he violated parole by his New Jersey conviction in 1940. Because of that violation, he is now serving the unexpired maximum of his sentences, without credit for time on parole.[5] Even had he been paroled in 1933, the parole violation in 1940 would require that he be recommitted to serve the same sentence which he is now serving.

■ Petitioner contends also that his extradition from New Jersey was unconstitutional in that the Interstate Compact Act,[6] under which he was retaken, does not allow review by the New Jersey courts of the decision by the demanding state to retake the parole violator. This contention is meritless in view of Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509. See also Pierce v. Smith, 9 Cir., 175 F.2d 193, certiorari denied, 1949, 338 U.S. 838, 70 S.Ct. 49, 94 L. Ed. 512, where the very point raised here was decided adversely to petitioner.[7]

The judgment of the district court will be affirmed.

---

4. Act of June 19, 1911, P.L. 1055, § 8, note 3 supra.

5. Act of June 22, 1931, P.L. 862, § 1, 61 Purdon's Pa.Stat.Ann. § 305 (Supp. 1951); Act of August 6, 1941, P.L. 861, § 21.1, added August 24, 1951, P.L. 1401, § 5, 61 Purdon's Pa.Stat.Ann. § 331. 21a (a) (Supp.1951). United States ex rel. Pavloc v. Chairman of Board of Parole, D.C.W.D.Pa.1948, 81 F.Supp. 592, affirmed per curiam 3 Cir., 1949, 175 F.2d 780; Commonwealth ex rel. O'Leary v. Ashe, 1943, 152 Pa.Super. 322, 32 A.2d 36.

6. Act of June 25, 1937, P.L. 2086, § 1, 61 Purdon's Pa.Stat.Ann. § 321 (Supp.1951).

7. The constitutionality of similar interstate compact acts has been sustained by the state courts in the face of attacks like that made here. Ex parte Tenner, 1942, 20 Cal.2d 670, 128 P.2d 338; Gulley v. Apple, 1948, 213 Ark. 350, 210 S. W.2d 514; Pierce v. Smith, 31 Wash.2d 52, 195 P.2d 112, certiorari denied 1948, 335 U.S. 834, 69 S.Ct. 24, 93 L.Ed. 387.