## UNITED STATES ex rel. HUGGINS v. COMMONWEALTH et al.
### Civ. A. No. 11116.

United States District Court
W. D. Pennsylvania.
Jan. 20, 1953.

1. Birtch v. United States, 4 Cir., 173 F.2d 316; United States v. Calp, D.C., 83 F.Supp. 152.

ute granting the right to appear and apply for parole. Kinsella v. Board of Trustees, 340 Pa. 497, 17 A.2d 882.

The state having made available procedure specifically designed to protect that right whatever error there may have been is not now open to attack in habeas corpus proceedings in federal court. Dunn v. Lyons, 5 Cir., 23 F.2d 14; United States ex rel. Smith v. Baldi, 3 Cir., 192 F.2d 540; United States ex rel. MacBlain v. Burke, U. S. Court of Appeals for the Third Circuit, 200 F.2d 616.

The petition for writ of habeas corpus is refused.

An appropriate order is entered.

GOURLEY, Chief Judge.

This proceeding relates to a habeas corpus action based on a sentence imposed by a State court in the Commonwealth of Pennsylvania.

Petitioner was sentenced in 1924 by the Court of Oyer and Terminer of Westmoreland County, Pennsylvania, to two consecutive terms of imprisonment, each term for seven and one-half to fifteen years.

Petitioner contends that he has been denied due process because the prison authorities illegally added his two sentences together and entered them as one sentence of fifteen to thirty years. He contends that the lumping together of two consecutive sentences caused petitioner to lose his right to apply for parole prior to the expiration of the first sentence. 61 Purdon's Pa.Statutes Annotated § 303.

The fact remains, however, that petitioner had the right to make such application every month following that time, and if the prison authorities denied him the right to apply for parole, he had a complete procedural remedy to enforce that right.

Mandamus was available to petitioner to compel compliance with the stat-