Popalis, Appellant, *v.* Yanchura.

Argued April 18, 1934.

Before TREXLER, P. J., KELLER, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*P. B. Roads,* for appellant.

*H. O. Bechtel,* and with him *Z. F. Rynkiewicz,* for appellee.

Opinion by Baldrige, J., July 13, 1934:

The Sovereign Camp of the Woodmen of the World issued a policy of insurance, dated July 30, 1927, in the sum of $3,000, on the life of Charles Dillis, naming Adelle Dillis, his mother, as his beneficiary. On November 13, 1928, at the request of the insured a new certificate was issued, wherein Beatrice Dillis, his minor wife, was named as the sole beneficiary. Charles Dillis died on April 30, 1929, and when demand was made for the payment of the proceeds of the policy by the widow, she learned that on April 27, 1929, the policy last referred to was surrendered, and a new policy, dated May 3, 1929, three days after the death of the insured, was issued, wherein $1,000 was payable to her and $2,000 to Anna Yanchura, sister of the insured. A dispute arose between the parties to this action as to whether the widow was entitled to all the proceeds of the policy or only $1,000. Thereupon, the insurer filed a bill in equity, setting forth the conflicting claims of the widow and the sister, and praying

for a decree requiring them to come into court and interplead. Attached to the bill were copies of the three policies. An issue was accordingly framed to determine the respective claims to the fund. The minor widow, named as plaintiff, filed her statement of claim, by her guardian, averring therein that the policy of November 13, 1928, in which she was the sole beneficiary, was the valid, subsisting policy, and that the purported signature of the insured authorizing the surrender of his former certificate and ordering a new one to be issued, wherein his sister was included as a beneficiary, in the sum of $2,000, was a forgery. In paragraph 14 it is averred that "if the signature in the writing 'Change of amount of Beneficiary' is the true signature of the said Charles Dillis, then plaintiff avers that the said signature was fraudulent, illegal and improper, obtained thereto by the undue influence and coercion," etc. Attached to the plaintiff's statement was a copy of the third policy, dated May 3, 1929.

An affidavit of defense was filed, denying the plaintiff's averments of forgery and undue influence, and alleging that, under the constitution and by-laws of the Sovereign Camp of the Woodmen of the World, if a member has requested by writing on the back of his certificate that a new beneficiary or beneficiaries be named in the policy, but death of the member occurs before the issuance of a certificate, the newly designated beneficiary or beneficiaries shall receive the amount according to the request of the insured.

A trial had before a jury to determine the issues of fact involved resulted in a directed verdict in favor of the defendant in the sum of $1,894.07. Judgment was entered on the verdict, and therefrom this appeal was taken.

The appellee alleges that in paragraph 18 of the plaintiff's statement it is averred that, by undue in-

fluence and coercion, Charles Dillis was wrongfully and fraudulently induced to change the instrument, so as to make it appear that it was his intention to direct that Anna Yanchura receive $2,000; that this was an admission upon the part of the plaintiff that the signature was not a forgery. The court below, however, permitted the plaintiff to withdraw this paragraph. We think there is no inconsistency, as appellee argues, between the averment in the 14th paragraph— *if* the signature in the writing changing beneficiary is genuine, then it was obtained by undue influence—and the averment of forgery. The charge of undue influence was not supported by testimony, and that feature of the case is eliminated from any further consideration.

The first assignment of error is to the court's admission, over plaintiff's objections, of the averments contained in paragraphs 10 and 11 of the bill in equity, to which no answer was filed, to the effect that a new certificate was issued directing that $1,000 be payable to the minor wife and $2,000 to Anna Yanchura. The defendant argued that the plaintiff had asked the court to take judicial notice of the bill in equity, and, therefore, the averments therein were admissible when offered by defendant. We find nothing, however, in the record to support this alleged request of plaintiff, other than the offering in evidence of paragraph 2 of plaintiff's statement, which referred to the institution of the equity proceeding for an interpleader. The prayer of the bill was confined to obtaining permission to pay the amount in dispute into court; that was its sole purpose. The contention, that the averment relating to the issuance of a new policy wherein Anna Yanchura was entitled to $2,000 was an admission of that fact on the part of Beatrice Dillis, was not warranted. The paragraphs of the bill in equity offered

were not competent evidence of that fact and should not have been admitted.

The second and third assignments relate to the exclusion of the testimony of two witnesses called to support the charge of forgery. The plaintiff attempted to prove by Anthony G. Rogers, assistant treasurer of the Shenandoah Trust Company, and an employee thereof for a period of twenty-one years, that the signature of Charles Dillis requesting a change in beneficiary was a forgery. The duties of this witness involved the care of the ledger and passing upon checks that went through that institution, including ten checks of Charles Dillis drawn within two years prior to his death. This witness stated that he was acquainted with the signature of the deceased, but he had never actually seen him write.

The Act of June 6, 1913, P. L. 451, §1 (28 PS §161), provides: "Where there is a question as to any writing, the opinions of the following persons shall be deemed relevant: (a) The opinion of any person acquainted with the handwriting of the supposed writer. (b) The opinion of those who have had special experience with, or who have pursued special studies relating to, documents, handwriting, and alterations thereof, who are herein called experts." The witness was not qualified under (a). To be acquainted with the handwriting, it was necessary that he had seen the deceased write; but as he had had special experience for a long period of time in the discharge of his regular duties in determining the authenticity of many signatures, he was qualified under paragraph (b) to testify as an expert: Seaman et al. v. Husband, 256 Pa. 571, 100 A. 941.

Also called upon the part of the plaintiff was T. C. Knowles, a man sixty-two years of age, who was director of penmanship in the Pottsville schools and head of the commercial department of the high school

for twenty-five years. The appellant offered to show by this witness that the signature of Charles Dillis was forged, by making a comparison of an authentic signature on the policy, dated November 13, 1928, with the signature, purported to be that of Charles Dillis, appearing in the endorsement of the policy issued April 27, 1929, directing a change in the beneficiary. The court below sustained the objection, on the ground that there was no proof that the signature of Charles Dillis on the policy of November 13, 1928, was genuine. That policy and the pleadings of defendant admitting the existence of the policy were offered and received in evidence. The genuineness of the signature of the insured therein was never questioned. We think, therefore, that this signature was authenticated and that the testimony should have been admitted.

It is true that the plaintiff offered in evidence the third policy—the one under which the appellee is claiming—which bore the same number as the policy of November 13, 1928, but she expressly reserved the right to contradict the validity of any writing appearing thereon which would affect or tend to change any beneficiary. In our judgment, this offer did not prejudice the plaintiff's right to recovery.

The assignments of error are sustained and judgment is reversed with a venire.