Commonwealth ex rel. Rodzwell *v.* Ashe, Warden.

PER CURIAM, July 23, 1942:

The relator's petition for discharge must be refused. The answer of the warden correctly states the status of his confinement, in conformity with the opinion of this court (RHODES, J.) in *Com. ex rel. Cox v. Ashe, Warden,* 146 Pa. Superior Ct. 365, 22 A. 2d 606, except in one particular, which we shall correct.

The records brought up before us show that on April 26, 1927, the relator was sentenced to the Western State Penitentiary by Judge FURST in the Court of Quarter Sessions of Centre County, on pleas of 'guilty' to 'district attorney's bills' as follows:

No. 19 May Sessions 1927—1st count—malicious shooting at a person, with intent to maim (Sec. 83 of Code of March 31, 1860, P. L. 382). 2d count—shooting at a person, *with intent to commit murder* (Act of May 1, 1876, P. L. 92, amending sec. 82 of Code of March 31, 1860, P. L. 382)—sentence of not less than three years or more than six years.

No. 18 May Sessions 1927, (1) resisting an officer (Sec. 8 of Code of 1860), and (2) carrying concealed deadly weapon (Act of March 18, 1875, P. L. 33)—sentence of not less than six months or more than one year, to begin at the completion of sentence at No. 19. The Act of March 18, 1875, supra, warrants a sentence of imprisonment by separate and solitary confinement.

By an error in practice, then in vogue, these sentences were erroneously combined on the records of the penitentiary so as to make a minimum term of three and one-half years and a maximum term of seven years.

On October 26, 1930, the expiration of his lumped minimum sentences, relator was released on parole. This parole was not authorized by law: *Com. ex rel. Lynch v. Ashe,* 320 Pa. 341, 346, 182 A. 229.

While on this unauthorized "parole", he was arrested charged with the following crimes, for which true bills of indictment were found against him in the Court of Quarter Sessions of Centre County, to September Sessions, 1932, to wit:

No. 108. Possession of burglar tools, with intent to use same feloniously (Act of March 14, 1905, P. L. 38).

No. 109. Carrying concealed deadly weapon.

No. 110. 1st count, aggravated assault and battery; 2d count, shooting at a person with intent to murder.

On September 14, 1932 relator appeared in open court and pleaded guilty to No. 109, and nolo contendere to Nos. 108 and 110. Nos. 108 and 109 did not merge with No. 110. *Com. ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A. 2d 920.

On the same day, he was sentenced by Judge FLEMING to imprisonment in the Western State Penitentary, as follows:

On bill No. 108, to not less than one and one-half years or more than three years.

On bill No. 109, to not less than one and one-half years or more than three years, to be computed from the expiration of sentence at No. 108.

On bill No. 110, to not less than three years or more than six years, to be computed from the expiration of sentence at No. 109.

Relator was recommitted to the penitentiary on September 14, 1932. As he was neither in prison nor legally on parole when these three last-mentioned crimes were committed, and the sentences imposed by Judge FLEMING were not ordered to begin at the expiration of his prior sentences to Nos. 19 and 18 May Sessions 1927, respectively, they began to run consecutively from the date they were imposed: *Com. ex rel. Cox v. Ashe, Warden,* 146 Pa. Superior Ct. 365, 370, 22 A. 2d 606.

Since relator's return to the penitentiary on September 14, 1932, he has served the two and one-half years remaining of his maximum sentence on No. 19 May Sessions 1927 and the maximum sentence of one year on No. 18 May Sessions 1927, in full. During the same period (under our ruling in the Cox case) he served the maximum term—three years—of his sentence on No. 108, and one-half year of his sentence on No. 109, and, following that, he completed the balance (two and one-half years) of the maximum term of his sentence on No. 109, on September 14, 1938. Since then he has been serving his sentence on No. 110 September Sessions 1932, the minimum of which ended on September 14, 1941 and the maximum of which will expire on September 14, 1944. He is accordingly now eligible for parole, if his conduct has merited it.

Rule discharged and petition refused.