## Commonwealth *v.* Gipe, Appellant.

Argued September 26, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ. (GUNTHER, J., absent).

624

 

*Judson E. Ruch,* with him *Charles W. Eaby,* for appellant.

*John Milton Ranck,* District Attorney, for appellee.

OPINION BY RENO, J., November 15, 1951:

By separate bills, appellant was indicted for perjury and forgery. They were consolidated for trial and he was convicted on both charges. He was sentenced for perjury; sentence on the forgery conviction was suspended. He appealed both convictions.

The charges grew out of a civil action wherein Peirce-Phelps, Inc., sued Helen C. Richards, appellant's sister, whose electrical appliance business he managed, on a merchandise account for $497.97.[1] At the trial in Lancaster County on April 25, 1950, appellant was his sister's only witness. He admitted receiving the merchandise and produced a cancelled check dated June 15, 1949, payable to Peirce Phelps for $746.53, signed by his sister. He testified this check was in payment of the three articles in question plus additional merchan-

---

[1] Covering the following items: Invoice No. 4880, dated June 8, 1949, for one Carrier Air Conditioning Unit, $246.50; Invoice No. 5122, dated June 15, 1949, for one Admiral Television Set, $250.01; Invoice No. 5262, dated June 21, 1949, for one Admiral Television Catalog, $1.46. Total, $497.97.

dise. Under cross examination he stated he personally had prepared the check and that it had not been altered, erased or changed in any way or manner.

At the criminal trial the Commonwealth proved, by photostatic copies of the check as it passed through the Philadelphia clearing bank and the drawee bank in Columbia, Lancaster County, that the check was originally dated June 13, 1949; was in the amount of $250.01; that on its left side was a typed notation that it was in settlement of invoice No. 4996; and that the dollar line was blank. An official of the drawee bank testified that its records showed that H. C. Richards' account had not been debited with $746.53, but only for $250.01, on June 21, 1949. The check offered in evidence in both the civil and criminal trials clearly shows evidences of alterations of the date and the figure amount. The dollar line was subsequently filled in by a mechanical "checkwriter"; and the notation on the left side was altered to indicate payment of invoices Nos. 4880, 4996 and 5122. In the criminal trial, appellant admitted that the check showed signs of alterations, but denied that he made them.

I. A state police officer testified he went to appellant's office and, using the only typewriter there, typed the figures and words appearing on the check. They were offered in evidence for the purpose of permitting the jury to compare them with the check to determine whether both had been made by the same typewriter. The admission of this evidence is the basis for one of appellant's contentions here.

Comparisons of hand writing may be made by a jury. *Travis v. Brown,* 43 Pa. 9; *Groff v. Groff,* 209 Pa. 603, 59 A. 65; *Seaman v. Husband,* 256 Pa. 571, 100 A. 941. Expert testimony to authenticity is not necessary and the jury may, by comparison of writings, decide whether the authenticated writing was made by the same person as the writing in dispute. *Com. v. Wine-*

*grad,* 119 Pa. Superior Ct. 78, 180 A. 160. The Act of May 15, 1895, P. L. 69, as amended, 28 P.S. §161, has in no way abrogated this rule. *Shannon v. Castner,* 21 Pa. Superior Ct. 294. The mode of authenticating typewritten documents does not differ in principle from that of handwriting. 7 Wigmore, Evidence, §2149. A sample of the typing from appellant's typewriter was admissible as a basis for comparison with the typing on the check, and to show that the changes were made on his typewriter.

II. The indictment charges in the general terms of the statute that appellant committed forgery by altering or uttering the check "on or about and/or between June 21, 1949 and April 25, 1950," and this lack of specificity was questioned by a demurrer. These were the dates when the check cleared through the drawee bank and when it was offered by appellant at the trial of the civil suit, and one of the Commonwealth's theories was that appellant had made the alterations during that period. The indictment is not defective for want of a specific date. "[T]he date laid must be prior to the day on which the indictment is found; it must be within the period fixed by the statute of limitations for the finding of the indictment; and, in the case of a statutory offense, it must be subsequent to the enactment of the statute." *Com. v. Nailor,* 29 Pa. Superior Ct. 271, 273. The Commonwealth, however, does have the burden of proving the commission of the crime charged on some date fixed with a reasonable degree of certainty. Cf. *Com. v. Levy,* 146 Pa. Superior Ct. 564, 23 A. 2d. 97. Actually, the time when and the place where appellant altered the check are not material. Appellant committed forgery when he uttered it for a fraudulent purpose by producing it at the civil trial on April 25, 1950, and the date is specifically stated in the indictment. The Penal Code of June 24, 1939, P. L. 872, §1014, 18 P.S. §5014.

III. There is no merit to appellant's contention that the crimes of forgery and perjury merged. He argues that there can be no conviction for two crimes committed by the same act at the same time, that is, uttering and testifying, and that the Commonwealth should have elected for which offense it would proceed.

As we said in *Com. ex rel. Madden v. Ashe,* 162 Pa. Superior Ct. 39, 42, 56 A. 2d 335, quoting *Com. ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 104, 105, 21 A. 2d 920, 921: "The true test of whether one criminal offense has merged in another . . . is whether one crime necessarily involves another : . . When one of two criminal acts committed successively is not a necessary ingredient of the other, there may be a conviction and sentence for both." See also *Com. v. Basha,* 80 Pa. Superior Ct. 320, 322.

When appellant produced the altered check as evidence of payment of the invoices he uttered the altered check, and committed forgery; when he later swore that he had not made the alterations he committed perjury. Forgery and perjury are not parts of one offense. They are separate and distinct offenses and not so interrelated as to include one within the other. *Com. ex rel. Dickson v. Ashe,* 137 Pa. Superior Ct. 220, 8 A. 2d 549; *Com ex rel. Lucian v. Ashe,* 140 Pa. Superior Ct. 210, 13 A. 2d 918; *Com. ex rel. Rodzwell v. Ashe,* 149 Pa. Superior Ct. 307, 27 A. 2d 253.

IV. Waiving appellant's questionable right to appeal the forgery conviction in which sentence was suspended, (see *Com. ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244, and cases cited in *Com. v. Wadley,* 169 Pa. Superior Ct. 490, 496, footnote 2, 83 A. 2d 417), it is clear that, even if error had been committed in the trial for that crime or in the ruling that the crimes were not merged, appellant has not been harmed. This decision might well have been rested upon the proposition that as appellant has not been sentenced for

forgery he has not been harmed by the rulings on the forgery indictment and trial. Nevertheless we have considered and decided all the points raised by him, although none related to the perjury charge, the only crime for which he was sentenced. As to the perjury conviction, appellant offered no contentions and did not question the sufficiency of the evidence to support the verdict.

Judgment is affirmed and the record remitted to the court below, and it is ordered that appellant appear before that court at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which has not been complied with at the time this appeal was made a supersedeas.