# ARTICLE IX.  AUTHENTICATION AND IDENTIFICATION

## Rule 901.  Authenticating or Identifying Evidence

**(a)** **In General.  Unless stipulated, [T]t**o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.

**(b)** **Examples.**  The following are examples only – not a complete list – of evidence that satisfies the requirement:

**(1)** **Testimony of a Witness with Knowledge.**  Testimony that an item is what it is claimed to be.

**(2)** **Nonexpert Opinion about Handwriting.**  A nonexpert's opinion that handwriting is genuine, based on a familiarity with it that was not acquired for the current litigation.

**(3)** **Comparison by an Expert Witness or the Trier of Fact.**  A comparison with an authenticated specimen by an expert witness or the trier of fact.

**(4)** **Distinctive Characteristics and the Like.**  The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances.

**(5)** **Opinion About a Voice.**  An opinion identifying a person's voice – whether heard firsthand or through mechanical or electronic transmission or recording – based on hearing the voice at any time under circumstances that connect it with the alleged speaker.

**(6)** **Evidence About a Telephone Conversation.**  For a telephone conversation, evidence that a call was made to the number assigned at the time to:

(A) a particular person, if circumstances, including self-identification, show that the person answering was the one called; or

(B) a particular business, if the call was made to a business and the call related to business reasonably transacted over the telephone.

**(7)** **Evidence About Public Records.**  Evidence that:

(A) a document was recorded or filed in a public office as authorized by law; or

(B) a purported public record or statement is from the office where items of this kind are kept.

**(8) Evidence About Ancient Documents or Data Compilations.** For a document or data compilation, evidence that it:

(A) is in a condition that creates no suspicion about its authenticity;

(B) was in a place where, if authentic, it would likely be; and

(C) is at least 30 years old when offered.

**(9) Evidence About a Process or System.** Evidence describing a process or system and showing that it produces an accurate result.

**(10) Methods Provided by a Statute or a Rule.** Any method of authentication or identification allowed by a statute or a rule prescribed by the Supreme Court.

**Comment**

Pa.R.E. 901(a) is **substantively** identical to F.R.E. 901(a) and consistent with Pennsylvania law. The authentication or identification requirement may be expressed as follows: When a party offers evidence contending either expressly or impliedly that the evidence is connected with a person, place, thing, or event, the party must provide evidence sufficient to support a finding of the contended connection. *See Commonwealth v. Hudson*, **[489 Pa. 620,]** 414 A.2d 1381 (**Pa.** 1980); *Commonwealth v. Pollock*, **[414 Pa. Super. 66,]** 606 A.2d 500 (**Pa. Super.** 1992). **The proponent may be relieved of this burden when all parties have stipulated the authenticity or identification of the evidence.** *See, e.g.,* **Pa.R.C.P. No. 212.3(a)(3) (Pre-Trial Conference); Pa.R.C.P. No. 4014 (Request for Admission); Pa.R.Crim.P. 570(A)(2) & (3) (Pre-Trial Conference).**

In some cases, real evidence may not be relevant unless its condition at the time of trial is similar to its condition at the time of the incident in question. In such cases, the party offering the evidence must also introduce evidence sufficient to support a finding that the condition is similar. Pennsylvania law treats this requirement as an aspect of authentication. *See Commonwealth v. Hudson*, **[489 Pa. 620,]** 414 A.2d 1381 (**Pa.** 1980).

Demonstrative evidence such as photographs, motion pictures, diagrams and models must be authenticated by evidence sufficient to support a finding that the demonstrative evidence fairly and accurately represents that which it purports to depict. *See Nyce v. Muffley*, **[384 Pa. 107,]** 119 A.2d 530 (**Pa.** 1956).

Pa.R.E. 901(b) is identical to F.R.E. 901(b).

Pa.R.E. 901(b)(1) is identical to F.R.E. 901(b)(1). It is consistent with Pennsylvania law in that the testimony of a witness with personal knowledge may be sufficient to authenticate or identify the evidence. *See Commonwealth v. Hudson*, **[489 Pa. 620,]** 414 A.2d 1381 (**Pa.** 1980).

Pa.R.E. 901(b)(2) is identical to F.R.E. 901(b)(2). It is consistent with 42 Pa.C.S. § 6111, which also deals with the admissibility of handwriting.

Pa.R.E. 901(b)(3) is identical to F.R.E. 901(b)(3). It is consistent with Pennsylvania law. When there is a question as to the authenticity of an exhibit, the trier of fact will have to resolve the issue. This may be done by comparing the exhibit to authenticated specimens. *See Commonwealth v. Gipe*, **[169 Pa. Super. 623,]** 84 A.2d 366 (**Pa. Super.** 1951) (comparison of typewritten document with authenticated specimen). Under this rule, the court must decide whether the specimen used for comparison to the exhibit is authentic. If the court determines that there is sufficient evidence to support a finding that the specimen is authentic, the trier of fact is then permitted to compare the exhibit to the authenticated specimen. Under Pennsylvania law, lay or expert testimony is admissible to assist the jury in resolving the question. *See, e.g.*, 42 Pa.C.S. § 6111.

Pa.R.E. 901(b)(4) is identical to F.R.E. 901(b)(4). Pennsylvania law has permitted evidence to be authenticated by circumstantial evidence similar to that discussed in this illustration. The evidence may take a variety of forms including: evidence establishing chain of custody, see *Commonwealth v. Melendez*, **[326 Pa. Super. 531,]** 474 A.2d 617 (**Pa. Super.** 1984); evidence that a letter is in reply to an earlier communication, see *Roe v. Dwelling House Ins. Co. of Boston*, **[149 Pa. 94,]** 23 A. 718 (**Pa.** 1892); testimony that an item of evidence was found in a place connected to a party, see *Commonwealth v. Bassi*, **[284 Pa. 81,]** 130 A. 311 (**Pa.** 1925); a phone call authenticated by evidence of party's conduct after the call, see *Commonwealth v. Gold*, **[123 Pa. Super. 128,]** 186 A. 208 (**Pa. Super.** 1936); and the identity of a speaker established by the content and circumstances of a conversation, see *Bonavitacola v. Cluver*, **[422 Pa. Super. 556,]** 619 A.2d 1363 (**Pa. Super.** 1993).

Pa.R.E. 901(b)(5) is identical to F.R.E. 901(b)(5). Pennsylvania law has permitted the identification of a voice to be made by a person familiar with the alleged

3

speaker's voice.  *See Commonwealth v. Carpenter*, **[472 Pa. 510,]** 372 A.2d 806 (**Pa.** 1977).

Pa.R.E. 901(b)(6) is identical to F.R.E. 901(b)(6).  This paragraph appears to be consistent with Pennsylvania law.  *See Smithers v. Light*, **[305 Pa. 141,]** 157 A. 489 (**Pa.** 1931); *Wahl v. State Workmen's Ins. Fund*, **[139 Pa. Super. 53,]** 11 A.2d 496 (**Pa. Super.** 1940).

Pa.R.E. 901(b)(7) is identical to F.R.E. 901(b)(7).  This paragraph illustrates that public records and reports may be authenticated in the same manner as other writings.  In addition, public records and reports may be self-authenticating as provided in Pa.R.E. 902.  Public records and reports may also be authenticated as otherwise provided by statute.  *See* Pa.R.E. 901(b)(10) and its Comment.

Pa.R.E. 901(b)(8) differs from F.R.E. 901(b)(8), in that the Pennsylvania Rule requires thirty years, while the Federal Rule requires twenty years.  This change makes the rule consistent with Pennsylvania law. *See Commonwealth ex rel. Ferguson v. Ball*, **[277 Pa. 301,]** 121 A. 191 (**Pa.** 1923).

Pa.R.E. 901(b)(9) is identical to F.R.E. 901(b)(9).  There is very little authority in Pennsylvania discussing authentication of evidence as provided in this illustration.  The paragraph is consistent with the authority that exists.  For example, in *Commonwealth v. Visconto*, **[301 Pa. Super. 543,]** 448 A.2d 41 (**Pa. Super.** 1982), a computer print-out was held to be admissible.  In *Appeal of Chartiers Valley School District*, **[67 Pa. Cmwlth. 121,]** 447 A.2d 317 (**Pa. Cmwlth.** 1982), computer studies were not admitted as business records, in part, because it was not established that the mode of preparing the evidence was reliable.  The court used a similar approach in *Commonwealth v. Westwood*, **[324 Pa. 289,]** 188 A. 304 (**Pa.** 1936) (test for gun powder residue) and in other cases to admit various kinds of scientific evidence.  *See Commonwealth v. Middleton*, **[379 Pa. Super. 502,]** 550 A.2d 561 (**Pa. Super.** 1988) (electrophoretic analysis of dried blood); *Commonwealth v. Rodgers*, **[413 Pa. Super. 498,]** 605 A.2d 1228 (**Pa. Super.** 1992) (results of DNA/RFLP testing).

Pa.R.E. 901(b)(10) differs from F.R.E. 901(b)(10) to eliminate the reference to Federal law and to make the paragraph conform to Pennsylvania law.

There are a number of statutes that provide for authentication or identification of various types of evidence.  *See, e.g.*, 42 Pa.C.S. § 6103 (official records within the Commonwealth); 42 Pa.C.S. § 5328 (domestic records outside the Commonwealth and foreign records); 35 P.S. § 450.810 (vital statistics); 42 Pa.C.S. § 6106 (documents filed in a public office); 42 Pa.C.S. § 6110 (certain registers of marriages, births and burials records); 75 Pa.C.S. § 1547(c) (chemical tests for alcohol and controlled substances); 75 Pa.C.S. § 3368 (speed timing devices); 75 Pa.C.S. § 1106(c) (certificates of title); 42

Pa.C.S. § 6151 (certified copies of medical records); 23 Pa.C.S. § 5104 (blood tests to determine paternity); 23 Pa.C.S. § 4343 (genetic tests to determine paternity).

Note: Adopted May 8, 1998, effective October 1, 1998; rescinded and replaced January 17, 2013, effective March 18, 2013**; amended November 4, 2019, effective January 1, 2020**.

Committee Explanatory Reports:

Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at 43 Pa.B. 651 (February 2, 2013). **Final Report explaining the November 4, 2019 amendment of paragraph (1) published with the Court's Order at 49 Pa.B. ___ (_____, 2019).**

**Rule 902. Evidence That Is Self-Authenticating**

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

**(1)** **Domestic Public Documents That Are Sealed and Signed.** A document that bears:

  (A)   a seal purporting to be that of the United States; any state, district, commonwealth, territory, or insular possession of the United States; the former Panama Canal Zone; the Trust Territory of the Pacific Islands; a political subdivision of any of these entities; or a department, agency, or officer of any entity named above; and

  (B)   a signature purporting to be an execution or attestation.

**(2)** **Domestic Public Documents That Are Not Sealed But Are Signed and Certified.** A document that bears no seal if:

  (A)   it bears the signature of an officer or employee of an entity named in Rule 902(1)(A); and

  (B)   another public officer who has a seal and official duties within that same entity certifies under seal – or its equivalent – that the signer has the official capacity and that the signature is genuine.

**(3)** **Foreign Public Documents.** A document that purports to be signed or attested by a person who is authorized by a foreign country's law to do so. The document must be accompanied by a final certification that certifies the genuineness of the signature and official position of the signer or attester – or of any foreign official whose certificate of genuineness relates to the signature or attestation or is in a chain of certificates of genuineness relating to the signature or attestation. The certification may be made by a secretary of a United States embassy or legation; by a consul general, vice consul, or consular agent of the United States; or by a diplomatic or consular official of the foreign country assigned or accredited to the United States. If all parties have been given a reasonable opportunity to investigate the document's authenticity and accuracy, the court may for good cause, either:

  (A)   order that it be treated as presumptively authentic without final certification; or

(B)     allow it to be evidenced by an attested summary with or without final certification.

**(4)     Certified Copies of Public Records.**  A copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law– if the copy is certified as correct by:

(A)     the custodian or another person authorized to make the certification; or

(B)     a certificate that complies with Rule 902(1), (2), or (3), a statute, or a rule prescribed by the Supreme Court.

**A certificate required by paragraph (4)(B) may include a handwritten signature, a copy of a handwritten signature, a computer generated signature, or a signature created, transmitted, received, or stored by electronic means, by the signer or by someone with the signer's authorization.  A seal may, but need not, be raised.**

**(5)     Official Publications.**  A book, pamphlet, or other publication purporting to be issued by a public authority.

**(6)     Newspapers and Periodicals.   [Printed m]M**aterial purporting to be a newspaper or periodical.

**(7)     Trade Inscriptions and the Like.**  An inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control.

**(8)     Acknowledged Documents.**  A document accompanied by a certificate of acknowledgment that is lawfully executed by a notary public or another officer who is authorized to take acknowledgments.

**(9)     Commercial Paper and Related Documents.**  Commercial paper, a signature on it, and related documents, to the extent allowed by general commercial law.

**(10)   Presumptions Authorized by Statute.**  A signature, document, or anything else that a statute declares to be presumptively or *prima facie* genuine or authentic.

**(11)   Certified Domestic Records of a Regularly Conducted Activity.**  The original or a copy of a domestic record that meets the requirements of

Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with Pa.R.C.P. No. 76. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record – and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them.

**(12)** **Certified Foreign Records of a Regularly Conducted Activity. [In a civil case, the]** **<u>The</u>** original or a copy of a foreign record that meets the requirements of Rule 902(11), modified as follows: the certification rather than complying with a statute or Supreme Court rule, must be signed in a manner that, if falsely made, would subject the maker to a criminal penalty in the country where the certification is signed. The proponent must also meet the notice requirements of Rule 902(11).

**(13)** **Certificate of Non-Existence of a Public Record.** A certificate that a document was not recorded or filed in a public office as authorized by law if certified by the custodian or another person authorized to make the certificate.

**Comment**

This rule permits some evidence to be authenticated without extrinsic evidence of authentication or identification. In other words, the requirement that a proponent must present authentication or identification evidence as a condition precedent to admissibility, as provided by Pa.R.E. 901(a), is inapplicable to the evidence discussed in Pa.R.E. 902. The rationale for the rule is that, for the types of evidence covered by Pa.R.E. 902, the risk of forgery or deception is so small, and the likelihood of discovery of forgery or deception is so great, that the cost of presenting extrinsic evidence and the waste of court time is not justified. Of course, this rule does not preclude the opposing party from contesting the authenticity of the evidence. In that situation, authenticity is to be resolved by the finder of fact.

Pa.R.E. 902(1), (2), (3)**,** and (4) deal with self-authentication of various kinds of public documents and records. They are identical to F.R.E. 902(1), (2), (3)**,** and (4), except that Pa.R.E. 901(4) eliminates the reference to Federal law **and does not require the certificate to include a pen-and-ink signature or raised seal for the self-authentication of public documents**. These paragraphs are consistent with Pennsylvania statutory law. *See, e.g.* 42 Pa.C.S. § 6103 (official records within the Commonwealth); 42 Pa.C.S. § 5328 (domestic records outside the Commonwealth and foreign records); 35 P.S. § 450.810 (vital statistics); 42 Pa.C.S. § 6106 (documents filed in a public office).

8

The admission of a self-authenticating record of a prior conviction also requires sufficient evidence, either direct or circumstantial, to prove that the subject of the record is the same person for whom the record is offered in a proceeding. *See, e.g., Commonwealth v. Boyd*, 344 A.2d 864 (Pa. 1975).

**Pa.R.E. 902(4) differs from F.R.E. 902(4) insofar as the rule does not require the certificate to include a pen-and-ink signature or raised seal for the self-authentication of public documents.**

Pa.R.E. 902(5)**[, (6) and (7) are] is** identical to F.R.E. 902(5)**[, (6), and (7)]**. There **[are] is** no corresponding statutory provision**[s]** in Pennsylvania; however, 45 Pa.C.S. § 506 (judicial notice of the contents of the Pennsylvania Code and the Pennsylvania Bulletin) is similar to Pa.R.E. 902(5).

**Pa.R.E. 902(6) differs from F.R.E. 902(6) insofar as it does not contain "printed" in reference to newspapers or periodicals. *Cf.* F.R.E. 101(b)(6) ("[A] reference to any kind of written material or any other medium includes electronically stored information."). A newspaper or periodical should be available to the public online, digitally, or in print, principally devoted to the dissemination of local or general news and other editorial content, adherent to journalistic ethics and standards, and updating its content on a regular basis. For online newspapers and periodicals, links to other web content may be included, but the core content must reside on a server or website.**

**Pa.R.E. 902(6) permits both printed and digital newspapers and periodicals to be self-authenticated. Evidence purported to be an article or item from a newspaper or periodical must contain sufficient indicia of its original publication, including, but not limited to, the publication's title; the date of publication; page or volume of the article or item, if the content appeared in print; and web address, if applicable, where the article or item was originally published.**

**Pa.R.E. 902(7) is identical to F.R.E. 902(7).**

Pa.R.E. 902(8) is identical to F.R.E. 902(8). It is consistent with Pennsylvania law. *See Sheaffer v. Baeringer*, 29 A.2d 697 (Pa. 1943); *Williamson v. Barrett*, 24 A.2d 546 (Pa. Super. 1942); **[21 P.S. §§ 291.1-291.13 (Uniform Acknowledgement Act);]** 57 Pa.C.S. §§ 301-331 (Revised Uniform Law on Notarial Acts). An acknowledged document is a type of official record and the treatment of acknowledged documents is consistent with Pa.R.E. 902(1), (2), (3), and (4).

Pa.R.E. 902(9) is identical to F.R.E. 902(9).  Pennsylvania law treats various kinds of commercial paper and documents as self-authenticating.  *See, e.g.*, 13 Pa.C.S. § 3505 (evidence of dishonor of negotiable instruments).

Pa.R.E. 902(10) differs from F.R.E. 902(10) to eliminate the reference to Federal law and to make the paragraph conform to Pennsylvania law.  In some Pennsylvania statutes, the self-authenticating nature of a document is expressed by language creating a "presumption" of authenticity.  *See, e.g.,* 13 Pa.C.S. § 3505.

Pa.R.E. 902(11) and (12) permit the authentication of domestic and foreign records of regularly conducted activity by verification or certification.  Pa.R.E. 902(11) is similar to F.R.E. 902(11).  The language of Pa.R.E. 902(11) differs from F.R.E. 902(11) in that it refers to Pa.R.C.P. No. 76 rather than to Federal law.  Pa.R.E. 902(12) differs from F.R.E. 902(12) in that it requires compliance with a Pennsylvania statute rather than a Federal statute.

Pa.R.E. 902(13) has no counterpart in the Federal Rules.  This rule provides for the self-authentication of a certificate of the non-existence of a public record, as provided in Pa.R.E. 803(10)(A).

Note:  Adopted May 8, 1998, effective October 1, 1998; amended November 2, 2001, effective January 1, 2002; amended February 23, 2004, effective May 1, 2004; rescinded and replaced January 17, 2013, effective March 18, 2013; amended November 7, 2016, effective January 1, 2017; amended June 12, 2017, effective November 1, 2017**; amended November 4, 2019, effective January 1, 2020**.

Committee Explanatory Reports:

Final Report explaining the November 2, 2001 amendments adding paragraphs (11) and (12) published with Court's Order at 31 Pa.B. 6384 (November 24, 2001).  Final Report explaining the February 23, 2004 amendment of paragraph (12) published with Court's Order at 34 Pa.B. 1429 (March 13, 2004).  Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at 43 Pa.B. 651 (February 2, 2013).  Final Report explaining the November 7, 2016 addition of paragraph (13) published with the Court's Order at 46 Pa.B. 7436 (November 26, 2016).  Final Report explaining the June 12, 2017 amendment of the Comment published with the Court's Order at 47 Pa.B. **3491** (**June 24**, 2017).  **Final Report explaining the November 4, 2019 amendment of paragraphs (4), (6), and (12) published with the Court's Order at 49 Pa.B. _____ (_____, 2019).**